### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**WILLIAM E. POWELL,**

**Plaintiff,**

v.                                                                  **Civil Action No. 21-2946 (JEB)**

**JANET YELLEN, Secretary, U.S.
Department of Treasury,** *et al.*,

**Defendants.**

### MEMORANDUM OPINION

Plaintiff William E. Powell brings this *pro se* action under 26 U.S.C. § 6103, which concerns the disclosure of tax-return information. He alleges that the Internal Revenue Service failed to properly respond to his requests for various tax documents concerning himself, his family, and his family's businesses. As this Court has held in multiple other suits brought by Powell, § 6103 does not provide an independent cause of action. For that reason, the Court will grant Defendants' Motion to Dismiss.

## I.    Background

Plaintiff alleges that between August 13, 2013, and February 27, 2022, he submitted myriad requests to the IRS and its affiliate offices requesting federal estate-tax returns, corporate tax returns, Non-Master Files, and Business Master Files, among other documentation. See ECF Nos. 9 (First Amended Complaint) at 2–5 (including allegations omitted from Second Amended Complaint); 19 (Second Amended Complaint) at 2–5. According to Powell, the IRS did not respond to those requests. See, e.g., Second Am. Compl. at 2–5.

On November 8, 2021, Powell sued the Department of the Treasury, its Secretary, the

IRS, and its Commissioner, asserting that the IRS's failure to grant his requests was unlawful under 26 U.S.C. § 6103(e) and seeking declaratory and injunctive relief requiring production of the requested information. See ECF No. 1 (Compl.) at 1, 3. Three months later, Plaintiff submitted an Amended Complaint, which once again invoked only § 6103(e) and added several new allegations about the IRS's failure to respond to his requests. See First Am. Compl. at 2–6. On April 22, 2022, with the Court's leave, he filed a Second Amended Complaint and added two new allegations, still maintaining that the Service's lack of response violated only § 6103(e). See Second Am. Compl. at 5. Defendants now move to dismiss. See ECF No. 20 (Def. MTD) at 2.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, LLC v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

In evaluating a motion to dismiss, the court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts

alleged." <u>Sparrow v. United Air Lines</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and

internal quotation marks omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The

court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor

an inference unsupported by the facts set forth in the Complaint. <u>Trudeau v. Fed. Trade</u>

<u>Comm'n</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286

(1986)).

## III.    Analysis

Title 26 U.S.C. § 6103 is part of the Internal Revenue Code and is entitled

"Confidentiality and disclosure of returns and return information." In moving to dismiss,

Defendants point out that this statute cannot provide independent subject-matter jurisdiction.

<u>See</u> Def. MTD at 1. They are correct. This Court has previously stated at length why this is so:

> Section 6103 . . . does not "provide an independent basis for subject
> matter jurisdiction" over claims seeking the disclosure of return
> information. <u>See</u> <u>Maxwell v. O'Neill</u>, No. 00-1953, 2002 WL
> 31367754, at *4 (D.D.C. Sept. 12, 2002), <u>aff'd</u>, <u>Maxwell v. Snow</u>,
> 409 F.3d 354, 357–58 (D.C. Cir. 2005). Instead, § 6103 "operates
> as part of the larger [Freedom of Information Act] framework." <u>Id.</u>
> at *3. To invoke the jurisdiction of a federal district court, requests
> for tax-return information thus must comply with the procedures set
> forth under FOIA, 5 U.S.C. § 552 *et seq.* <u>Id.</u> at *4; <u>see also</u> <u>Grasso</u>
> <u>v. IRS</u>, 785 F.2d 70, 74 (3d Cir. 1986) ("We conclude, as did the
> Ninth, Fifth and Eleventh Circuits, that section 6103 operates within
> the confines of FOIA."); <u>Linsteadt v. IRS</u>, 729 F.2d 998, 999 (5th
> Cir. 1984) ("[A]lthough § 6103 may furnish the criteria for the
> agency's duty to disclose return information, judicial review of the
> agency's nondisclosure is governed by the [Freedom of]
> Information Act."); <u>Marciano v. Shulman</u>, 795 F. Supp. 2d 35, 39
> (D.D.C. 2011) (holding § 6103 does not provide independent
> subject-matter jurisdiction); <u>Surgick v. Cirella</u>, No. 09-3807, 2010
> WL 2539418, at *4 (D.N.J. June 15, 2010) (holding "Section 6103
> does not provide an independent, legally cognizable means to
> challenge the IRS's non-disclosure of tax information and that a
> person requesting such information and seeking enforcement must
> abide by the mechanisms prescribed by FOIA").

<u>Powell v. Internal Revenue Serv.</u>, No. 16-1682, 2017 WL 2799934, at \*1 (D.D.C. Jan. 24, 2017).

Powell knows this well since this is far from his first at-bat.  In fact, this Court has stated many times in his other suits that § 6103 does not provide an independent cause of action.  <u>See</u> <u>Powell v. Internal Revenue Serv.</u>, No. 18-2675, 2021 WL 1061528, at \*3 (D.D.C. Mar. 18, 2021); <u>Powell v. Internal Revenue Serv.</u>, No. 18-2675, 2020 WL 7024229, at \*3 (D.D.C. Nov. 30, 2020); <u>Powell v. Internal Revenue Serv.</u>, No. 18-2675, 2020 WL 3605774, at \*5 (D.D.C. July 2, 2020), <u>reconsideration denied</u>, 2020 WL 7024856, at \*3 (D.D.C. Nov. 30, 2020).  Powell, moreover, does not contest this legal conclusion, nor does he seek to bring his claims under the Freedom of Information Act.  Indeed, he expressly states that he is <u>not</u> seeking his records under FOIA, and instead spills his ink on the assorted fruitless steps he has taken to obtain the requested records.  <u>See</u> ECF No. 22 (Pl. Opp.) at 3–5.  Frustration, however, is not a basis for subject-matter jurisdiction.

Powell, furthermore, should be familiar with the IRS's procedural requirements because the Service sent him a letter dated December 19, 2017, explaining the prerequisites for bringing a claim in federal court — namely, that he would need to first submit a proper request for routine records to the IRS's Return and Income Verification Services program and then submit a FOIA request.  <u>See</u> ECF No. 23 (Def. Reply) at 5.  Plaintiff failed to follow that procedure before bringing this suit.  <u>Id.</u>

As the Court does not have the authority to adjudicate a claim brought exclusively under 26 U.S.C. § 6103 and as Plaintiff does not allege an alternative basis for relief, the Court lacks subject-matter jurisdiction.

**IV.     Conclusion**

The Court, accordingly, will grant Defendants' Motion to Dismiss.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 30, 2022